**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16769 |
| Plaintiff-Appellee, | D.C. Nos. 1:16-cv-00916-LJO |
| v. | 1:07-cr-00156-LJO-4 |
| KEITH ROSE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 8, 2021[**]
Pasadena, California

Before: BEA and LEE, Circuit Judges, and BENNETT,[***] District Judge.

After participating in a series of armed robberies, Keith Rose pled guilty to

one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C.

§ 1951, and one count of brandishing a firearm during and in relation to a crime of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for

violence in violation of 18 U.S.C. § 924(c).  As part of his plea agreement, Rose agreed to an appellate waiver in which he relinquished "all Constitutional and statutory rights . . . to attack collaterally . . . his plea, or his sentence, including . . . filing a motion under 28 U.S.C. § 2255 . . . ."  Rose was sentenced to 78 and 222-months imprisonment for his conspiracy and § 924(c) convictions, respectively.

Years later, after the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), Rose filed a motion under 28 U.S.C. § 2255 asking the district court to vacate his § 924(c) conviction, arguing he did not commit a predicate "crime of violence."  After the district court denied Rose's § 2255 motion, we granted his request for a Certificate of Appealability (COA) on the issue of "whether [Rose's] conviction and sentence for violating 18 U.S.C. § 924(c) must be vacated because conspiracy to commit Hobbs Act robbery is not a qualifying predicate crime of violence."  We dismiss Rose's appeal as barred by his appellate waiver.

We review de novo whether a defendant has waived his right to collaterally attack his conviction and sentence.  *Id*.  A defendant's appellate waiver is enforceable if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."  *United*

the District of Maryland, sitting by designation.

*States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

The government argues that both requirements for enforceability are met because the language of the appellate waiver clearly encompasses § 2255 motions and the district court engaged with Rose in a Rule 11 colloquy to ensure he knowingly and voluntarily waived his appellate rights. *See* Fed. R. Crim. P. 11(b). We agree. Rose does not dispute that the requirements for enforcing the waiver are met but argues that our circuit's "illegal sentence" exception to enforcing otherwise valid appellate waivers applies. *See United States v. Torres*, 828 F.3d 1113, 1124–25 (9th Cir. 2016). Rose claims that his § 924(c) conviction is illegal and thus any sentence imposed for that conviction is also illegal.

Our circuit recently rejected an identical argument in *United States v. Goodall*, 15 F.4th 987 (9th Cir. 2021). In *Goodall*, we declined to extend *Torres*'s "illegal sentence" exception to "invalidate an appellate waiver if the *conviction* was later found to be 'illegal.'" *Id.* at 995. Here, as in *Goodall*, the government agreed to drop numerous charges in exchange for Rose's guilty plea. *Id.* at 997. And, like the defendant in *Goodall*, Rose attacks his plea agreement, seeking vacatur of his § 924(c) conviction based on a later change in the law. *Id.* at 996. Rose "assume[d] the risk of later changes in the law" and "cannot enjoy the fruits

3

of his favorable plea agreement and then later claim the deal is rotten." *Id.* Therefore, we dismiss Rose's appeal as barred by his appellate waiver. *See Jeronimo*, 398 F.3d at 1152–53 ("We lack jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal.").

Because the appellate waiver forecloses his appeal, we do not decide the merits of Rose's argument that he did not commit a predicate "crime of violence" under *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Rosemond v. United States*, 572 U.S. 65 (2014).

We therefore **DISMISS** this appeal.